UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEROL WADNIPAR, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN, ADELANTO ICE PROCESSING CENTER, <br><br> Defendant. | Case No. 5:26-cv-02332-SB-ADS <br><br><br> ORDER DENYING PETITION AND DISMISSING APPLICATION FOR TEMPORARY RESTRAINING ORDER AS MOOT |

Petitioner Rider de Jesús Reverol Wadnipar is a Venezuelan citizen who has been detained at the Adelanto Immigration and Customs Enforcement (ICE) Processing Center since February 18, 2025, following his completion of a criminal sentence.  Proceeding pro se, he filed a petition for a writ of habeas corpus and an application for a temporary restraining order (TRO) seeking immediate release, or alternatively, a bond hearing.  The Court denies the petition and dismisses the TRO application as moot.

I.

Petitioner, a citizen of Venezuela, was taken into ICE custody on February 18, 2025, after completing a sentence for a conviction for driving under the influence.  Dkt. No. 1 at 5.  After a brief period of detention in Florida, Petitioner was transferred to the Adelanto ICE Processing Center in California, where he is currently detained.  *Id*.  He has a pending asylum application and is not subject to a final order of removal.  *Id*.

1

On May 4, 2026, Petitioner filed a petition for writ of habeas corpus and an ex parte application for a TRO.  Dkt. Nos. 1, 2.  He argues that his 14-month detention without a bond hearing violates § 1226(a) of the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights and that he does not pose a danger to the community or a flight risk.  Dkt. No. 1 at 7–10.  He seeks immediate release from custody or, in the alternative, a bond hearing at which the government must prove by clear and convincing evidence that his continued detention is necessary.  However, according to records attached to his petition, Petitioner received a bond hearing before an immigration judge (IJ) on February 6, 2026.  *Id.* at 153–155 of 157.  The IJ denied bond, finding that the government had met its burden to establish that Petitioner posed a flight risk or a danger to the community.  *Id.* at 154 of 157.  Petitioner reserved his right to appeal that determination to the Board of Immigration Appeals (BIA) but does not state whether he has done so.  *Id.* at 155 of 157.

The government filed a combined answer and opposition to the petition and TRO application.  Dkt. No. 8.  It argues that Petitioner's claim of unlawful detention without bond is without merit given that he received a bond hearing on February 6, 2026.  The government also argues that the Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review the IJ's bond determination and that Petitioner must, in any event, exhaust his administrative remedy of a BIA appeal of the bond determination before seeking habeas relief.  *Id.* at 2–7.

## II.

A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits the federal courts to grant writs of habeas corpus to aliens when those aliens are "in custody in violation of the Constitution or laws or treaties of the United States").

Petitioner's primary argument is that his detention without a bond hearing violates his Fifth Amendment due process rights.  *See* Dkt. No. 1 at 6–7 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) and arguing that his detention under § 1226(a) without a bond hearing is punitive and unconstitutional).  He fails to address, however, the records attached to his own petition showing that he received a bond hearing on February 6, 2026.  Dkt. No. 1 at 153–55 of 157.  Indeed, even after the government identified those records, Petitioner continued to

2

assert in his reply that he has "never received the constitutionally required bond hearing." Dkt. No. 9 at 3.

Petitioner does not identify any process due, other than a bond hearing, of which he has been deprived. The Ninth Circuit has made clear that the Fifth Amendment due process standard "remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even assuming that Petitioner has a significant liberty interest, the government has a "strong interest" in enforcing the immigration laws. *Id.* at 1208. Yet Petitioner neither addresses *Rodriguez Diaz* nor explains why the bond hearing he received— at which the government bore the burden to demonstrate by clear and convincing evidence that Petitioner posed a danger to the community—failed to satisfy due process. In light of the undisputed record showing that Petitioner received a bond hearing and his failure to identify any additional process that is constitutionally required, he has not shown that he is entitled to release or an additional bond hearing.[1]

To the extent Petitioner seeks to challenge the outcome of the February bond hearing by arguing he is neither a flight risk nor a danger to the community, he has not shown that he exhausted his administrative remedies by appealing the bond determination to the BIA. A district court's habeas jurisdiction under § 2241 "is ordinarily reserved for instances in which no other judicial remedy is available." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Thus, a petitioner who is "dissatisfied with an IJ's bond determination" "should [] exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (remanding petition for dismissal where petitioner failed to challenge bond determination on appeal before filing habeas petition). Petitioner does not address the government's exhaustion argument or identify any basis for excusing the exhaustion requirement here.

---

[1] In his reply, Petitioner argues that he has a statutory right to a bond hearing under 8 U.S.C. § 1226(a). But the record reflects that Petitioner received a bond hearing. In any event, the Supreme Court has rejected the argument that § 1226(a) requires periodic bond hearings for detainees. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

3

## III.

For the reasons stated above, Petitioner has failed to show that he is in custody in violation of the Constitution or the laws of the United States.  Accordingly, the petition is denied without prejudice.  Because the petition is denied, Petitioner's TRO application is denied as moot.  A separate judgment will issue.


Date: June 10, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

4